## TEXAS CO. et al. v. DUNLAP.

Motions Nos. 9771, 9772, 9773, 9797; No. 1238—5619.

Commission of Appeals of Texas, Section B. Nov. 12, 1931.

For former opinion, see 41 S.W.(2d) 42, which affirmed judgment in 21 S.W.(2d) 707.

Y. A. Land, of Denver, Colo., and F. T. Baldwin, T. J. Lawhon, Pleasant F. Graves, and W. E. Loose, all of Houston, for plaintiffs in error.

Witt, Terrell & Witt and A. L. Riley, all of Waco, and Doyle & Woods and A. B. Geppert, all of Teague, for defendant in error.

LEDDY, J.

The argument presented in plaintiffs in error's motions for rehearing has not convinced us that we erred in holding in our original opinion that defendant in error Dunlap's title is superior to that held by those claiming under Wright.

One question is very earnestly insisted upon in several of the motions for rehearing. This question was decided in our original opinion without discussion. It may be well to give the same specific attention.

It is contended that if it be conceded Dunlap held the superior title to this land at the time Wright conveyed a 2/32 royalty interest therein, still the latter's assignees should be protected in such interests because Dunlap, by the execution of his agreement of February 17, 1928, with Wright, ratified and confirmed such conveyance. It is further asserted that the provisions of such agreement are such as to effectually estop Dunlap from recovering the proceeds of the 2/32 royalty oil purchased by the Texas Company.

The clause in the agreement executed by Dunlap to Wright, with reference to this royalty interest, reads as follows: "And for the said consideration the said Daniel D. Dunlap obligates himself to indemnify and hold the said F. D. Wright harmless from all liability on his warranty in the sale or assignment of said 2/32 royalty interest in and to the oil and gas and other minerals on said land."

We are unable to agree with plaintiffs in error's contention that the effect of the agreement of Dunlap, above quoted, was to ratify and confirm the title to the 2/32 royalty interest in those claiming under Wright. Such agreement on the part of Dunlap was merely a contract of indemnity to hold Wright harmless from liability arising on his warranty, and cannot be held to extend beyond such liability. Wright's liability to his assignees, because of a failure of the title to the 2/32 royalty conveyed by him, is the amount of the purchase price paid by his vendees, with 6 per cent. interest thereon from date of the purchase. The measure of Wright's liability on his warranty was the extent of Dunlap's liability under his agreement with Wright. Dunlap did not purport to convey the 2/32 royalty or any interest therein to Wright, but merely agreed to indemnify him for any liability arising by reason of his warranty. To hold that the present owners of said royalty interest, who claim under Wright, can now recover the actual value of the royalty, as subsequently developed, would operate to deprive Dunlap, the legal owner of the title to this property, of his interest in same by fixing upon him a liability beyond that for which he was obligated by the terms of his agreement with Wright.

The remedy of the holders of the 2/32 royalty interest, upon failure of title, was against Wright for breach of his warranty which, as before stated, was the amount of the purchase price paid by his vendees, with lawful interest thereon. When such liability was established against Wright, he in turn was entitled to call upon Dunlap for reimbursement.

The owners of this royalty did not by their pleadings seek to establish any liability against Wright on his warranty. On the contrary, they asserted their right to recover the entire proceeds of the 2/32 royalty interest, to which Dunlap had shown a superior title, and to thus extend his liability beyond the terms of his agreement. We are not aware of any theory under which this could be done.

We recommend that the motions of all the plaintiffs in error be overruled.